**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **PAUL DAVID DOUBET,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-924-ALM-KPJ** |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| ***Acting Commissioner of Social Security,*** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul David Doubet ("Mr. Doubet") brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for disability insurance benefits and supplemental security income. Having considered the briefs submitted by the parties and the administrative record, the Court recommends the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.    APPLICABLE LAW

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S.

1

137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) the impairment(s) either meet or equal one of the Listings[1] of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *see also Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If the claimant cannot show his impairment meets or equals a Listing but proves that he is unable to perform his "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *See Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) ("The burden of proof is on the claimant for the first four steps but shifts to the agency at step five; a finding at any step that a claimant is or is not disabled ends the analysis.").

### B.  Standard of Review

The standard of review in a social security appeal is whether the Commissioner's final decision is "'supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence.'" *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (per curiam) (quoting *Villa*, 895 F.2d at 1021). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

"Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "must be more than a scintilla, but it need not be a preponderance." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Richardson*, 402 U.S. at 401). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Bailey v. Saul*, 853 F. App'x 934, 935 (5th Cir. 2021) (per curiam) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam) (internal quotation omitted)). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 434 (quoting *Harrell*, 862 F.2d at 475) (internal quotations omitted). Rather, evidentiary conflicts are for the Commissioner to decide, and "if a decision is supported by substantial evidence, it must be affirmed even if there is contrary evidence." *Bailey*, 853 F. App'x at 935 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (per curiam)). However, the Court must do more than "rubber stamp" the decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner's] findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985) (internal quotations omitted).

## II.    BACKGROUND AND PROCEDURAL HISTORY

Mr. Doubet was born in 1959, completed high school and some college, and last worked in 2019, as a finance director at a car dealership.[2] *See* Tr. 52–53; 194.[3] On April 24, 2020, Mr. Doubet filed an application for disability insurance benefits and supplemental security income. *See id.* at 194–202; 205–06. Mr. Doubet alleged disability due to heart problems, congestive heart failure, leg problems, and atrial fibrillation. *See id.* at 101. The Social Security Administration denied Mr. Doubet's claims initially on May 26, 2020, and upon reconsideration on July 29, 2020. *See id.* at 101–02; 123–24. Thereafter, Mr. Doubet filed a written request for a hearing. *See id.* at 133–34. On April 7, 2021, Administrative Law Judge Thomas G. Henderson (the "ALJ") held a hearing. *See id.* at 49–64. The hearing was attended by Mr. Doubet, his attorney, and a vocational expert. *See id.* at 49.

On June 11, 2021, the ALJ issued an unfavorable decision denying Mr. Doubet's claims. *See id.* at 34–44. In his decision, the ALJ found that Mr. Doubet met the insured status requirements of the Social Security Act (the "Act") through December 31, 2024. *See id.* at 36. At step one, the ALJ found that Mr. Doubet had not engaged in substantial gainful activity since February 1, 2020, or alternatively, since September 1, 2019.[4] *See id.* at 34; 36; 43. At step two, the ALJ found Mr. Doubet had the following severe impairments: osteoarthritis, hypertension, and

---

[2] Mr. Doubet testified that after he stopped working as a finance director, he was employed as a salesperson of recreational vehicle trailers. *See* Tr. 36, 57. This employment lasted for less than three months and ended due to Mr. Doubet's impairments. *See id.* at 37, 57. Accordingly, the ALJ found this employment to be an "unsuccessful work attempt" that does not constitute substantial gainful activity. *Id.* at 37 (citing 20 CFR 404.1574(a)(1), 416.974(a); SSR 84-25)).

[3] Documents 6-1 through 6-8 comprise the Administrative Record ("Tr."). When citing to the record, the Court cites to the Tr.'s internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[4] In the second and seventh enumerated findings of the ALJ's decision, the ALJ found the onset date was February 1, 2020, which was the date Mr. Doubet originally alleged. *See* Tr. 36, 43. However, the ALJ also noted that "[a]t the hearing, [Mr. Doubet] amended his alleged onset date to September 1, 2019." *See id.* at 34; *see also id.* at 55.

obesity. *See id.* at 37. The ALJ found Mr. Doubet's atrial fibrillation and atypical flutter were non-severe impairments. *See id.* At step three, the ALJ found that none of Mr. Doubet's impairments, alone or in combination, met or medically equaled a Listing. *See id.* at 38–39. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Mr. Doubet's RFC. *See id.* at 39–43. The ALJ found Mr. Doubet had the RFC to: "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). [Mr. Doubet] can occasionally climb, balance, stoop, kneel, crouch, and crawl." *Id.* at 39. At step four, the ALJ found that Mr. Doubet is capable of performing his past relevant work as a finance director. *See id.* at 43. Accordingly, the ALJ concluded Mr. Doubet was not disabled within the meaning of the Act. *See id.*

Mr. Doubet requested the Appeals Council review the ALJ's unfavorable decision. *See id.* at 187–88. On September 1, 2021, the Appeals Council granted the request for review. *See id.* at 189–92. On October 5, 2021, the Appeals Council issued a new decision, in which the Appeals Council agreed with all of the ALJ's findings except the ALJ's classification of Mr. Doubet's past relevant work as a finance director as a light exertional job. *See id.* at 1–3; 4–6. Based on the VE's testimony at the hearing, the Appeals Council found Mr. Doubet's past relevant work is best described as credit manager, which is a sedentary job. *See id.* at 5. The Appeals Council's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 42 U.S.C. § 405(g). On November 22, 2021, Mr. Doubet filed his appeal to this Court.[5] *See* Dkt. 1.

### III.    ANALYSIS

Mr. Doubet raises five arguments on appeal. First, Mr. Doubet argues the ALJ erroneously considered the evidence from the time of Mr. Doubet's original alleged disability onset date, rather than Mr. Doubet's amended disability onset date. *See* Dkt. 8 at 5–6. Second, Mr. Doubet argues

---

[5] A claimant has sixty days to file an appeal. The sixty days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* Tr. 2.

the ALJ erroneously did not assess the severity and vocational impact of several of Mr. Doubet's medically diagnosed impairments. *See id.* at 7–9. Third, Mr. Doubet argues the ALJ erroneously found the opinions of certain medical sources not persuasive. *See id.* at 9–12. Fourth, Mr. Doubet argues the appointment of Andrew Saul as Commissioner of the SSA was constitutionally defective; hence, the decision in this case, made by an ALJ who derived his authority from Mr. Saul, is constitutionally defective. *See id.* at 13–16. And fifth, Mr. Doubet argues the ALJ and the Appeals Council Judges who adjudicated this case did not have the legal authority to do so, as they were not properly appointed. *See id.* at 16–17. As set forth below, the Court agrees with Mr. Doubet's argument concerning the ALJ's findings regarding the opinions of one of Mr. Doubet's medical sources. As such error was not harmless, remand is warranted.[6]

## A. Ability to Sit in a Work Environment

ALJs are no longer required to give controlling weight to a treating physician's opinion, as was previously mandated by federal regulations. *Compare* 20 C.F.R. § 404.1527 (2016), *with* 20 C.F.R. § 404.1520c; *see also* 82 Fed. Reg. 5853 (Jan. 18, 2017) (commenting that the rule change would enable courts to focus on "the content of the evidence [rather] than on the source"). For claims filed after March 27, 2017, an ALJ instead considers a list of factors in determining what weight, if any, to give a medical opinion. 20 C.F.R. § 404.1520c. "The most important factors in determining the persuasiveness of a medical source are whether the source's medical opinion is based on 'objective medical evidence and supporting explanations' and the 'consistency' of the source's opinion with the evidence from other medical and nonmedical sources in the claim." *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) (quoting 20 C.F.R. § 404.1520c). "Notably, the regulations treat supportability and consistency differently from the other factors. As to [those

---

[6] Because the Court finds remand is warranted on this basis, the Court does not reach Mr. Doubet's other arguments.

two factors], the regulations state: '[W]e *will explain how* we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.'" *Moore v. Saul*, No. 3:20-cv-48, 2021 WL 754833, at *3 (S.D. Miss. Feb. 26, 2021) (quoting 20 C.F.R. § 404.1520c(b)(2) (emphasis added)). "An ALJ usually cannot reject a medical opinion without some explanation." *Webster*, 19 F.4th at 718 (citing *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017)).

Mr. Doubet argues that the ALJ's rationale for finding one of the medical sources in the record to be partially persuasive was based on a misreading of the record evidence. *See* Dkt. 8 at 10 (citing Tr. 60). The Commissioner did not respond to this argument. *See* Dkt. 12 at 29–31.[7]

The record contains a "Physical Residual Functional Capacity Assessment" completed by Kevin Davis, Physician Assistant-Certified ("PA Davis"). *See* Tr. 517–520. Following the prompt, "Please indicate how long your patient can sit and stand/walk ***total in an 8-hour working day*** (with normal breaks)," which in turn follows the heading, "Due to these conditions, it is my opinion that within a reasonable degree of medical certainty, this individual would have the following functional limitations if placed in a **<u>competitive</u>** work situation on a full time basis (regular and continuing 8 hours a day, 5 days per week)," PA Davis checked off boxes indicating that Mr. Doubet can sit and stand/walk for less than two hours. *Id.* at 517. During the hearing, Mr. Doubet was asked, "Now you mentioned that you spend most of your day sitting. Are you sitting in a recliner with your legs elevated or are you just sitting like you would in an office type chair?" *Id.*

---

[7] In her brief, the Commissioner stated only the following regarding this argument:

> The ALJ considered PA Davis's opinions and concluded that they were partially persuasive, finding that the stated limitation in sitting was inconsistent with [Mr. Doubet's] own testimony that he sits in a chair the majority of the day.' An ALJ's consideration of consistency is based on how consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources.

Dkt. 12 at 29 (internal quotations omitted).

at 58. Mr. Doubet responded, " . . . I'm sitting with my . . . legs elevated." *Id.*  In his decision, the ALJ acknowledged Mr. Doubet's testimony, noting, "At the hearing, [Mr. Doubet] testified he spent his day sitting in a reclining chair with his legs elevated." *Id.* at 40.

Regarding the issue of Mr. Doubet's ability to sit in a work environment, besides discussing PA Davis's assessment and Mr. Doubet's hearing testimony, the ALJ discussed an "Adult Function Report" completed by Mr. Doubet. *See id.* at 40 (citing Ex. 2E). In this report, Mr. Doubet alleged disability because he "could not stand or walk for long periods" and that "[h]e had to elevate his legs." *Id.* As to this Adult Function Report, the ALJ concluded, "The undersigned has considered the claimant's statements; however, the alleged severity of his impairments [is] inconsistent with the medical records of evidence, as discussed below." *Id.* At the hearing, the VE testified that a person similar to Mr. Doubet (age, education, past relevant work) who would be limited to sedentary work would be able to perform Mr. Doubet's past work as a finance director. *See id.* at 63. The ALJ ultimately found that Mr. Doubet had the RFC to perform sedentary work. *See id.* at 39. Following this RFC finding, the ALJ found at step five that Mr. Doubet could perform his past relevant work as a finance director. *See id.* at 43. In making this finding, the ALJ noted that "the [VE] testified that given the above [RFC Mr. Doubet] could perform the past relevant work." *Id.* at 43. The VE also testified, however, that needing to elevate one's legs three-fourths of the workday, or even one-fourth of the workday, would not be compatible with gainful employment. *See id.* at 63–64.

Critically, the only reason the ALJ provided for finding PA Davis's opinion to be partially persuasive is the purported inconsistency between Mr. Doubet's testimony at the hearing and PA Davis's opinion as to Mr. Doubet's ability to sit less than two hours in an eight-hour workday. *See*

*id.* at 42.[8] The ALJ's reasoning is flawed and does not support finding PA Davis's opinion partially persuasive as to this issue. Mr. Doubet testified that he sits *with his feet elevated* for the majority of the day, which is not inconsistent with PA Davis's opinion that Mr. Doubet can only sit with his feet on the ground for less than two hours in an eight-hour workday. The Commissioner now argues that the "pre-printed form which PA Davis completed lacked references to supported clinical findings that would support the degree of physical incapacity that he described." Dkt. 12 at 29. However, this reasoning was not mentioned by the ALJ as a basis for his assessment of PA Davis's opinion. At this stage, the Court cannot consider this reason for rejecting PA Davis's opinion, now pressed by the Commissioner but not included in the ALJ's original decision. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council.") (citations omitted).

Besides the ALJ's discussion of PA Davis's assessment, Mr. Doubet's testimony, and the Adult Function Report, there is no other evidence to which the ALJ referred or findings the ALJ made that bear on the question of the length of time Mr. Doubet can sit with his feet on the ground versus the length of time he must keep his feet elevated. The ALJ's finding on this issue appears to be predicated on the mistaken belief that Mr. Doubet testified he can sit with his feet on the ground for most of the day, which the ALJ then used to find PA Davis's assessment partially persuasive. The Court thus concludes that as to the ALJ's finding on this issue, there is not

---

[8] The ALJ's decision reads, "Mr. Davis's opinion is partially persuasive because [Mr. Doubet] testified he sits in a chair most of the day, which is inconsistent with Mr. Davis's opinion that [Mr. Doubet] can sit less than two hours in an eight-hour workday. Additionally, Mr. Davis's opinion regarding [Mr. Doubet] being off tasks and frequency of absences are speculation . . ." *Id.* The first sentence refers to "Mr. Davis's opinion" and the second sentence refers to "Mr. Davis's opinion regarding . . ." Therefore, it appears that the ALJ based his persuasiveness finding as to Mr. Davis's whole opinion, on the purported inconsistency. And further, the "speculation" reasoning, the only other reasoning the ALJ mentioned as to his assessment of any part of Mr. Davis's opinion, is cabined to Mr. Doubet's being off-task or frequently absent, which is not relevant for this discussion.

substantial evidence, as there is no "accurate and logical bridge" between the ALJ's reasoning and conclusion, as is required. *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (per curiam) (citation omitted); *accord Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (An ALJ has the duty "to develop the facts fully and fairly relating to an applicant's claim for disability benefits.").

### B.  Whether the Error Was Harmless

Error is reversible and requires remand only "when a reviewing court concludes that the error is not harmless." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (per curiam). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank*, 326 F.3d at 622; *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). It is the claimant's burden to show that the error was not harmless. *See Keel v. Saul*, 986 F.3d 551, 557 (5th Cir. 2021) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (noting that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination")). "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)).

Mr. Doubet argues this error was not harmless because, at the hearing, the VE testified that needing to elevate one's legs three-fourths of the workday, or even one-fourth of the workday, would not be compatible with gainful employment. *See* Dkt. 8 at 10 (citing Tr. 63–64). The Court agrees. The reasoning underpinning the ALJ's assessment of PA Davis's opinion was erroneous. If the ALJ had not made this mistake, he may have found PA Davis's opinion wholly persuasive. Based on the VE's testimony, the ALJ could then have found that Mr. Doubet's ability to sit in a work environment for less than two hours out of an eight-hour workday is incompatible with

gainful employment. Because such a finding would have necessitated a finding that Mr. Doubet is disabled, the ALJ's error may have impacted Mr. Doubet's substantial rights.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends the Commissioner's final decision be **REVERSED** and **REMANDED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id*.; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 26th day of February, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE